UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DIARIO SMITH,<br><br>        Plaintiff,<br><br>   vs.<br><br>CITY OF OAKLAND, et al.,<br><br>        Defendants. | Case No:  C 10-01777 SBA<br><br>**ORDER DISMISSING ACTION** |

   On April 26, 2010, Plaintiff filed the instant civil rights action under 42 U.S.C. § 1983. On June 6, 2010, Defendants filed a Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss").  Dkt. 9.  On February 8, 2011, the Court issued a Scheduling Order, as it had not yet received any response to Defendants' Motion to Dismiss.  Dkt. 14.  The Court ordered Plaintiff to file his opposition to the motion by no later than February 21, 2011, and specifically advised Plaintiff that his failure to timely file a response to the motion will be deemed as a consent to the granting of the motion.  Id.

   To date, Plaintiff has not filed an opposition or a statement of non-opposition to the Motion to Dismiss.  The Court's Standing Orders warn that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion."

   The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss is grounds for granting the motion.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); see Fed.R.Civ.P. 41(b).  In Ghazali, the court noted that in exercising its discretion to dismiss the action, the district court is "required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  Id. (quoting Henderson v. Duncan, 779 F.2d

1421, 1423 (9th Cir. 1986)); Fed. R. Civ. Proc. 41(b).  Upon balancing the <u>Ghazali</u> factors under the facts of this case, the Court finds that dismissal is warranted.

The first and second factors both favor dismissal.  Under the Court's February 8, 2011 Scheduling Order, Plaintiff was obligated to file his opposition to Defendants' Motion to Dismiss by no later February 21, 2011.  In violation of that Order, he failed to do so.  Such non-compliance inherently delays resolution of the case and inures to the detriment of the public.  <u>See</u> <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]"); <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); <u>see also</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992) (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").  The first two <u>Ghazali</u> factors strongly support dismissal.

The third factor, the risk of prejudice to the Defendants, is related to the strength of the Plaintiff's excuse for the default.  <u>See</u> <u>Yourish</u>, 191 F.3d at 991.  Here, Plaintiff has offered no "excuse" for his conduct nor is any apparent from the record.  Therefore, this factor also weighs strongly in favor of dismissal.  <u>See</u> <u>id.</u>; <u>Ghazali</u>, 46 F.3d at 54.

The fourth factor, which favors disposition of cases on the merits, by definition, weighs against dismissal.  <u>Pagtalunan</u>, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal.").

As to the final factor, the Court has already considered less drastic alternatives to dismissal.  As noted, the Court's Standing Orders and February 8, 2011 Scheduling Order both warn that as a consequence of a party's failure to oppose a motion, the Court will construe such inaction as a consent to the motion.  "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."  <u>Ferdik</u>, 963 F.2d at 1262.

1  In sum, the Court concludes that four of the five relevant factors weigh strongly in favor
2  of dismissing this action in its entirety.  Id. (affirming dismissal where three factors favored
3  dismissal, while two factors weighed against dismissal).  Accordingly,
4  IT IS HEREBY ORDERED THAT Defendants' unopposed Motion to Dismiss (Docket
5  9) is GRANTED.  The Clerk shall close the file and terminate all pending matters and
6  deadlines.
7  IT IS SO ORDERED.
8  Dated: March 9, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge